## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JUAN EMORY HARRIS**                                **CIVIL ACTION**

**VERSUS**

**NO. 22-897-SDD-RLB**

**STATE OF LOUISIANA, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 17, 2023.

                                                                       _____
                                                                       **RICHARD L. BOURGEOIS, JR.**
                                                                       **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN EMORY HARRIS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 22-897-SDD-RLB** |
| **STATE OF LOUISIANA, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand (R. Doc. 10). The motion is opposed. (R. Doc. 14).

**I.      Background**

On or about October 3, 2022, Juan Emory Harris ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants: the State of Louisiana through Louisiana Department of Public Safety and Corrections, Kirk Guerin (the former Warden of Elayn Hunt Correctional Center), Colonel Brandy Landry, and Captain Ryan Taylor (collectively, "Defendants"). (R. Doc. 1-1). Plaintiff seeks recovery under Title VII of the Civil Rights Act of 1964 on the basis that Defendants retaliated against him for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (R. Doc. 1-1 at 6).

On November 18, 2022, Defendants removed this action asserting the Court can exercise federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1). The Notice of Removal further asserts that a copy "has been served on the Plaintiff, through his attorney of record, and an additional copy filed with the Clerk of Court of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, where this case originated." (R. Doc. 1 at 3).

On December 15, 2022, Plaintiff filed the instant Motion to Remand, which argues that this action should be remanded in light of two procedural defects: (1) lack of consent to removal

1

of all defendants; and (2) failure to provide prompt written notice of the removal to Plaintiff. (R. Doc. 10).

## II. Law and Analysis

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

There is no dispute that the Court can properly exercise federal question jurisdiction under 28 U.S.C. § 1331.

### A. The Rule of Unanimity

The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

If a served defendant did not join in the actual removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to

formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see also Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012) (noting that the recent amendments to the removal statutes do not affect the Fifth Circuit requirement of written consent by all defendants). This requirement is necessary to "'bind' the allegedly consenting defendant." *Getty Oil*, 841 F.2d at 1262 n.11.

Here, Plaintiff asserts, without further elaboration, that "counsel for the Defendants does not allege in its [Notice of Removal] that all named Defendants consented to removal." (R. Doc. 10-1 at 1). While Plaintiff does not expressly seek remand on this basis, the Court will briefly address this issue.

The Notice of Removal provides that all of the named Defendants were served prior to removal. (R. Doc. 1 at 2). Accordingly, all of the Defendants had to "join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). The record indicates that all Defendants joined in the removal by jointly filing the Notice of Removal through counsel.

The Notice of Removal specifically states that it was filed, "through undersigned counsel, [by] Defendants State of Louisiana through Louisiana Department of Public Safety and Corrections (DPSC), Kirk Guerin, Brandy Landry, and Ryan Taylor." (R. Doc. 1 at 1). While defense counsel could have made it clearly that each of these defendants was submitting the Notice of Removal by specifying the actual parties in the signature line,[1] there can be no dispute that the Notice of Removal was joined by all Defendants. *See* R. Doc. 14 at 3 ("All served defendants appeared in the removal, through assigned counsel, and removed the case to this Court."). Even Plaintiff acknowledges that the "Defendants" filed the Notice of Removal without

---

[1] Defense counsel, an Assistant Attorney General with the Louisiana Department of Justice, states that the Notice of Removal was respectfully submitted by Louisiana Attorney General Jeff Landry. (R. Doc. 1 at 4). The signature block does not name actual removing Defendants.

3

any attempt at identifying which of the defendants did not consent to or join in the removal. (R. Doc. 10 at 1).

Remand is unavailable based on lack of consent under 28 U.S.C. § 1446(b)(2) as all defendants joined in the removal.

### B. Written Notice of Removal

To effectuate removal after the filing of the notice of removal, the removing defendant or defendants must "promptly" file the notice of removal in state court and provide written notice to all adverse parties:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). The adverb "promptly" is not defined in the statute. "Although § 1446(d) does not define 'promptly,' remand may be appropriate when there is undue delay in filing the copy of the notice of removal. In the context of § 1446(d), however, the word 'promptly' has not been construed to mean simultaneously." *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (citations omitted and internal punctuation removed).

There is no dispute that Defendants promptly filed the Notice of Removal in state court on the day of removal. (*See* R. Doc. 10 at 1). Indeed, courts within the Fifth Circuit have concluded that the filing of a copy of the notice of removal in state court was reasonably prompt under Section 1446(d) even when made weeks after removal. *See Hurst v. Nat'l Gen. Ins. Co.*, No. 15-614, 2015 WL 9600468, at *3 (M.D. La. Dec. 1, 2015) (filing of notice of removal in state court 17 days from removal was reasonably prompt); *Nixon*, 368 F. Supp. 2d at 640 (filing of notice of removal in state court 22 days from removal was reasonably prompt). The state court was divested of jurisdiction when it received actual or constructive notice of the removal. *See*

4

*Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (citing *Medrano v. State of Texas*, 580 F.2d 803, 804 (5th Cir. 1978)).

The sole issue is whether Defendant satisfied the procedural requirement of promptly giving written notice to Plaintiff under Section 1446(d). Defendants admit, notwithstanding their assertion in the Notice of Removal, that they did not serve Plaintiff with a copy of the Notice of Removal at the time of removal on November 18, 2022. Defendants represent that the failure to give written notice was the "result of clerical oversight." (R. Doc. 14 at 4). Defendants gave Plaintiffs a copy of the Notice of Removal immediately after the filing of this Motion to Remand on December 15, 2022. (*See* R. Docs. 14-6, 14-7).

Remand is only appropriate based on failure to provide notice of a removal when there is no undue delay and the Plaintiff does not suffer any prejudice in being able to file a timely motion to remand under 28 U.S.C. § 1447(c). *See Vasquez v. Jim Wells Cnty.*, No. 05-506, 2005 WL 8164067, at *2 (S.D. Tex. Nov. 23, 2005) (denying remand for improper service under Section 1446(d) where notice was provided 29 days after removal and the plaintiff was able to file a timely motion to remand). Furthermore, a procedural defect of this nature may be cured. *See Carr v. Cap. One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012) ("Defects in removal procedure are not normally grounds for remand and may be cured.") (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993)).

Here, there was no undue delay or prejudice to Plaintiff. Defendants gave Plaintiff a written copy of the Notice of Removal immediately after the filing of the Motion to Remand. It is unclear whether the state court provided Plaintiff with notice of the removal. At any rate, Plaintiff received notice of various filings entered into the electronic docket prior to the filing of the Motion to Remand. (*See* R. Docs. 3, 4, 5, 6, 7, 8, 9). Indeed, regardless of how Plaintiff first became aware of this removal, he was able to file the instant Motion to Remand within 30 days

5

of the filing of the Notice of Removal. Under these circumstances, there was no prejudice to Plaintiff and any lack of compliance with Section 1446(d) does not merit remand because the defect was cured. *See Keys v. Dean Morris, LLP*, No. 12-49, 2012 WL 1344375, at *2 (M.D. La. Mar. 27, 2012) (the removing defendants' late notice to plaintiff of removal was cured where the defendants served a copy of the notice of removal with their opposition to the plaintiff's motion to remand, and the plaintiffs were not prejudiced given that they were able to file a timely motion to remand), *report and recommendation adopted*, 2012 WL 1345483 (M.D. La. Apr. 18, 2012); *cf. Adams v. Horton Archery L.L.C*, No. 12-2361, 2013 WL 139878, at *1 (E.D. La. Jan. 10, 2013) (remanding action where the defendants failed to provide written notice, resulting in an untimely motion to remand on procedural grounds more than 30 days after removal).

Remand is unavailable based on untimely notice of the removal under 28 U.S.C. § 1446(d).

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 10) be **DENIED**, and the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on February 17, 2023.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

6