UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JUAN EMORY HARRIS

VERSUS

STATE OF LOUISIANA THROUGH THE
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, KIRK
GUERIN, BRANDY LANDRY, AND RYAN
TAYLOR

CIVIL ACTION

22-897-SDD-RLB

### RULING

This matter is before the Court on the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendants, State of Louisiana through Louisiana Department of Public Safety and Corrections ("DPSC"), Kirk Guerin, Brandy Landry, and Ryan Taylor (collectively hereinafter "Defendants").[1] Plaintiff Juan Emory Harris ("Plaintiff" or "Harris") filed an opposition,[2] to which Defendants file a reply.[3] For the following reasons, Defendants' motion to dismiss is granted.

**I. BACKGROUND**

    **a. Petition for Damages**

At the outset, the Court notes that Plaintiff's Petition for Damages and his briefs submitted on these motions contain excessive grammatical errors and typographical errors, which render many of his allegations and arguments incomprehensible. The Court summarizes and quotes from Plaintiff's pleadings and briefs exactly as submitted, without correction.

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 15.
[3] Rec. Doc. 16.

Harris worked as a lieutenant at Elayn Hunt Correctional Center ("EHCC") for twenty years before he "was terminated for various reasons" on November 29, 2021 following an incident with an inmate.[4] On August 17, 2021, while Harris was at work, the EHCC tactical team was deployed to the cell of an inmate in response to complaints that the inmate had thrown liquid on two nurses.[5]

Harris and Defendant "Capitan Ryan Taylor"[6] both responded to the cell as part of the tactical unit response.[7] "Capitan Ryan Taylor apparently made the decision to use a chemical agent on [the inmate]. However, unlike Lt. Harris, Capitan Taylor allegedly sprayed [the inmate] with a chemical substance that was not approved by the Louisiana Department of Public Safety and Corrections."[8] Harris alleges that video footage of their response exists from a surveillance camera on the tier as well as a body camera worn by Harris.[9]

After responding, Harris and Captain Taylor both completed incident reports or "unusual occurrence reports" ("UORs"), as required by DPSC.[10] "Plaintiff's report was thorough, except that it did not comport with the body camera surveillance evidence. And he (Plaintiff) was terminated for, amongst other things, 'Falsifying a document and making false statements' in an UOR."[11]

---

[4] Rec. Doc. 1-1.
[5] Rec. Doc. 1-1, ¶¶ 6, 8, 9.
[6] Harris' Petition uses the terms "Capitan" and "Captain" interchangeably in reference to Ryan Taylor. The Court presumes this is a typographical or spelling error and will refer to Taylor as "Taylor" or "Captain Taylor" when not quoting directly from Harris' Petition.
[7] Rec. Doc. 1-1, ¶ 8.
[8] Rec. Doc. 1-1, ¶ 8, 9, 11.
[9] Rec. Doc. 1-1, ¶ 11.
[10] Rec. Doc. 1-1, ¶ 12.
[11] Rec. Doc. 1-1, ¶ 12.

After his termination, Harris filed suit against the State of Louisiana, through DPSC, Warden Kirk Guerin ("Guerin"), Colonel Brandy Landry ("Landry"), and Captain Ryan Taylor ("Taylor") alleging he was retaliated and discriminated against by his former employer, DPSC, and suffered emotional distress as a result.

Harris alleges that Taylor's use of an unauthorized chemical agent during their response to the inmate's cell was not approved by DPSC and was not reported in Taylor's UOR.[12] Colonel Landry later produced an investigative report regarding the incident that, in part, incorporated Taylor's UOR and recommended only Harris' termination.[13] Harris alleges that the substance and grammar in Taylor's original UOR is "drastically different" than the one used within Landry's report.[14] Harris alleges that one of Taylor's UORs contained false statements, which Landry knew, and that Landry should have also recommended Taylor's termination.[15] Ultimately, the warden relied upon Landry's report and terminated Harris.[16] Taylor was not terminated.

In conclusory fashion, Harris alleges that "[t]he alleged unfair treatment and intentional discrimination examines the conduct of Colonel Brandy Landry, a white female and Capitan Ryan Taylor, a white male, engaging in a pattern and an intentional scheme of falsifying, injuring and damaging public records; all in an effort to terminate Plaintiff's employment while preserving Capitan Ryan Taylor's employment for violating the same policies and procedures of LDPS&C in connection with engaging inmates and preparing an unusual occurrence report."[17]

---

[12] Rec. Doc. 1-1, ¶ 13–14.
[13] Rec. Doc. 1-1, ¶ 14.
[14] Rec. Doc. 1-1, ¶ 14.
[15] Rec. Doc. 1-1, ¶ 16.
[16] Rec. Doc. 1-1, ¶ 15.
[17] Rec. Doc. 1-1, ¶ 10.

After Harris was terminated, he filed a charge of discrimination with the EEOC.[18] Harris alleges that Defendants then retaliated against Harris for his filing.[19]

### b. Parties' Arguments[20]

Defendants seek dismissal of Harris' claims of retaliation, discrimination, and intentional infliction of emotional distress for Plaintiff's failure to plead sufficient facts under Rule 12(b)(6). Defendants also seek the dismissal of individual Defendants Landry, Taylor, and Guerin because they are not Harris' employer.

Harris' opposition is largely unresponsive to Defendants' motion. Harris' opposition mischaracterizes Defendants' arguments as ones for lack of sufficient notice.[21] Similarly unresponsive, Harris' opposition does not respond to Defendants' request for the dismissal of his claims for intentional infliction of emotional distress or claims against Landry, Taylor, or Guerin individually.

## II. LAW & ANALYSIS

### a. 12(b)(6) Standard & Application

Rule 8(a)(2) of the Federal Rules of Civil procedure governs the standard to state a claim for relief requiring a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) permits a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted."[22]

---

[18] Rec. Doc. 1-1, ¶ 14; Rec. Doc. 11-2, p. 13, Charge of Discrimination, April 19, 2022.
[19] Rec. Doc. 1-1, ¶ 19.
[20] Counsel for all parties are directed to the numerous typographical, grammatical, and formatting errors in their briefs and pleadings and directed to renew their familiarity with their obligations required of the standards of professionalism expected by members of the federal bar.
[21] *See, e.g.*, Rec. Doc. 15, p. 6 ("Those facts, taken in the totality of the circumstances, places the Defendants on notice of a discrimination and retaliation claim and of the individual tort state law claims.").
[22] Fed. R. Civ. P. 12(b)(6).

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[23] The court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[24] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[25] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[27] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[29] "Furthermore, while the court must accept well-pleaded facts as true, it will

---

[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[25] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.
[26] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) [hereinafter *Twombly*].
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted) [hereinafter *Iqbal*].
[28] *Twombly*, 550 U.S. at 556.
[29] *Iqbal*, 556 U.S. at 678.

not 'strain to find inferences favorable to the plaintiff.'"[30] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[31] Rather, the inquiry is whether the allegations in the complaint plausibly states a claim for relief. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[32]

A district court generally "must limit itself to the contents of the pleadings, including attachments thereto" on a Rule 12(b)(6) motion.[33] "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[34]

To their motion, Defendants attach Harris' Charge of Discrimination filed with the EEOC, along with the notice of said filing, and a settlement agreement between the parties during Harris' civil service appeal.[35] Both the EEOC charge and settlement agreement were referenced in Harris' Petition, but only the EEOC charge is central to his claims.[36] This Court will consider the EEOC charge on Defendants' motion to dismiss but not the settlement agreement.

---

[30] *Taha v. William Marsh Rice University*, No. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[31] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[32] *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration in original).
[33] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citing (*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).
[34] *Id*. (citing *Collins*, 224 F.3d at 498; *see Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.") (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004))).
[35] Rec. Doc. 11-2; Rec. Doc. 11-3.
[36] Rec. Doc. 1-1.

Harris' opposition also introduces exhibits for the first time. Those exhibits are a right-to-sue letter sent by the EEOC to Harris,[37] Captain Taylor's UOR,[38] Colonel Landry's investigative report,[39] and Harris' UOR.[40] While these documents are referenced within Harris' Petition, they are not central to his claims challenged by this Rule 12(b)(6) motion. The Court will not consider them on this Rule 12(b)(6) motion.

Moreover, Harris' opposition is replete with facts and claims raised for the first time, including a claim for defamation and the "intentional tort of interfering with Mr. Harris' ability to continue to be employed as a employee by the State."[41] "[A]rguments of counsel in a brief are not a substitute for properly pleaded allegations, and 'it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.'"[42] Any arguments, claims, or assertions of facts in Harris' opposition that are not pled in his Petition are not properly before the Court.

Harris's opposition also asserts that he "has direct evidence that Colonel Brandy Landry was targeting him for termination." To the extent that Harris' arguments regarding his "direct evidence" invite the Court to convert the Rule 12(b)(6) motion to dismiss to one for summary judgment, the Court declines.

---

[37] Rec. Doc. 15-1.
[38] Rec. Doc. 15-2.
[39] Rec. Doc. 15-3.
[40] Rec. Doc. 15-3.
[41] Rec. Doc. 15, p. 9.
[42] *Mocsary v. Ard*, No. 17-1713-SDD-EWD, 2018 WL 4608485, at *11 (M.D. La. Sept. 25, 2018) (quoting *Becnel v. St. Charles Par. Sheriff's Office*, No. 15-1011, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (collecting cases)). Because a Rule 12(b)(6) motion tasks the Court with "assess[ing] the legal sufficiency of the complaint," the Court does not consider allegations that appear for the first time in plaintiffs' briefing. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012)).

### b. Title VII Discrimination Claim

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of race.[43] "To establish a *prima facie* case of racial discrimination in employment, an employee must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances."[44] Defendants' argument for dismissal focuses on the fourth element.

As an initial matter, the Court *sua sponte* raises a glaring deficiency within Harris' Petition that Defendants did not raise. Harris does not allege any facts to establish that he is a member of a protected class. Harris' Petition merely alleges that "[t]he alleged unfair treatment and intentional discrimination examines the conduct of Colonel Brandy Landry, a white female and Capitan [sic] Ryan Taylor, a white male, engaging in a pattern and an intentional scheme…"[45] Gleaning from Harris' allegations that Landry and Taylor are both "white," the Court presumes that Harris intends to allege racial discrimination on the basis of race. The EEOC Charge of Discrimination, attached to Defendants' motion to dismiss, identified Harris as black, but Harris failed to attach this to his Petition. This failure, alone, justifies dismissal for failure to state a claim for discrimination. However, the failure is easily resolved by amendment, which the Court will permit. Assuming

---

[43] 42 U.S.C. § 2000e-2(a)(1).
[44] *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009) (internal citations omitted).
[45] Rec. Doc. 1-1, ¶ 10.

*arguendo* that Harris is a member of a protected class for purposes of this Ruling, the Court will address the fourth element.

Defendants argue that Harris was terminated because he falsified documents—specifically, the UOR incident report—and that is a legitimate, nondiscriminatory reason for his termination.[46] This argument raises an argument on the merits that requires a resolution of a factual dispute that is not before the Court on this Rule 12(b)(6) motion to dismiss.

As to the argument Defendants properly raised in their motion, Defendants argue that Harris did not identify nearly identical circumstances in which a similarly situated co-worker was treated more favorably as required to state a claim for discrimination under Title VII.[47] Defendants explain that Harris' Petition alleges that Captain Taylor was a similarly situated employee not within Harris' protected class but fell short of alleging facts of his more favorable treatment under nearly identical circumstances.

In response, Harris reiterates that Taylor was not terminated after he used an unauthorized chemical agent on an inmate but Harris was terminated after he completed an incident report that conflicted with his body camera's footage of the incident.[48] Harris argues that he was treated more harshly but does not argue how the circumstances of Taylor's infraction are nearly identical to his own infraction.

The "similarly situated" prong of a discrimination claim "requires a Title VII claimant to identify at least one coworker outside of his protected class who was treated more

---

[46] Rec. Doc. 11-1, p. 6–7.
[47] Rec. Doc. 11-1; Rec. Doc. 16.
[48] Rec. Doc. 15.

favorably 'under nearly identical circumstances.'"⁴⁹ Although the Fifth Circuit has cautioned district courts to refrain from "scrutinizing whether [plaintiff's] fellow employees were really 'similarly situated'" on a motion to dismiss, a plaintiff must allege sufficient facts to "nudge their claims across the line from conceivable to plausible."⁵⁰

Plaintiffs using circumstantial evidence of disparate treatment, such as Harris, "'must "identify at least one coworker outside of [their] protected class who was treated more favorably under nearly identical circumstances."'"⁵¹ The Fifth Circuit

> require[s] that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken under nearly identical circumstances. The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions.⁵²

Failure to identify such an employee, or "comparator," "alone justifies dismissal of [a plaintiff's] Title VII claim[,]" and "[i]f no such comparator exists, the plaintiff cannot establish a *prima facie* case."⁵³

---

⁴⁹ *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)).
⁵⁰ *Cicalese*, 924 F.3d at 768 (quoting *Twombly*, 550 U.S. at 547) (internal quotations omitted); *see also Papa v. Cap. One Nat'l Ass'n*, No. CV 21-1589, 2022 WL 906402, at *3 (W.D. La. Mar. 28, 2022).
⁵¹ *Noakes v. Dep't of Homeland Sec.*, No. CV 22-213, 2022 WL 11435959, at *10 (E.D. La. Oct. 18, 2022) (quoting *Saketkoo v. Tulane Univ. Sch. of Med.*, 510 F. Supp. 3d 376, 386 (E.D. La. 2020) (further quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (citation omitted)); *see also Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 471 (5th Cir. 2016) (dismissing plaintiff's Title VII disparate treatment case based, in part, on the fact that he "plead[ed] no facts that suggest the applicant hired by the [employer] was less qualified than [him] or was similarly situated.").
⁵² *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (internal citations omitted).
⁵³ *Saketkoo*, 510 F. Supp. 3d at 386 (internal quotations omitted); *see also Saketkoo v. Admins.*, 31 F.4th at 998 n. 3 ("*Lee* sets out the requirements for conducting the comparator analysis. Although it does not affirmatively state that such an analysis is required to satisfy the fourth prong and make a prima facie case, our court has since interpreted *Lee* this way."); *see also Noakes*, 2022 WL 11435959, at *10.

Accepting all of Harris' allegations as true, the Court finds the he has not plead enough facts to meet this lower standard. Harris attempts to identify a white co-worker as a comparator, but he does not allege that their conduct was nearly identical to his own. Allegedly, Captain Taylor sprayed an unapproved chemical agent on an inmate. Harris admittedly completed an UOR that conflicted with video camera footage of the incident. Harris' own allegations demonstrate that Taylor's alleged conduct was substantially different than Harris'. Similarly, Harris alleges that Taylor's UOR was changed and that one of the versions contained false statements, but fails to allege who made the changes or which version contained falsities. Harris' conduct was not "nearly identical" to that of the proffered comparator.

Accordingly, Defendants' motion to dismiss Harris' Title VII discrimination claim is granted, and the discrimination claims are dismissed without prejudice.

### c. State Law Discrimination Claim

For the same reasons they sought dismissal of Harris' Title VII discrimination claim, Defendants seek dismissal of Harris' discrimination made under Louisiana state law for failure to plead necessary factual allegations with the requisite level of specificity.[54] Defendants argue that Harris' allegation that "Colonel Brandy Landry, a white female and Capitan Ryan Taylor, a white male, engaged in an intentional scheme to falsify public records in order to terminate Plaintiff's employment while preserving Capitan Ryan Taylor's employment" is a conclusory formulaic recitation of the elements of a discrimination claim.[55] The Court agrees that this allegation is conclusory, rather than

---

[54] Rec. Doc. 11-1, pp. 8–9.
[55] Rec. Doc. 11-1, pp. 8–9.

factual. Further, for the reasons Harris' Title VII discrimination claim are dismissed, Harris' factual allegations fail to state a claim for discrimination under the LEDL.[56]

Accordingly, to the extent that Harris asserted a discrimination claim under state law, it is dismissed without prejudice.

### d. Title VII & LEDL Retaliation Claim

Defendants next challenge Harris' Title VII and LEDL retaliation claims, arguing that he failed to allege any causal link between his actions and any retaliation and that the remaining elements of these claims are formulaic and conclusory.[57] Courts applying the LEDL "have long applied Title VII 'discrimination and retaliation principles when considering [a] Plaintiff's state law claims' for discrimination and retaliation.'"[58]

To state a claim for retaliation under Title VII, a Plaintiff must allege facts that would demonstrate that "'(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.'"[59] Under Title VII, a "protected activity" is defined as "opposition to any practice rendered unlawful by Title VII,

---

[56] *See, e.g., Jones v. City of Monroe*, No. 3:19-CV-00832, 2019 WL 5488603, at *11, n. 16 (W.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 3:19-CV-00832, 2019 WL 5491922 (W.D. La. Oct. 24, 2019) ("Because the LEDL is "substantively similar" to Title VII, and Louisiana courts routinely look to the federal jurisprudence for guidance, the outcome of plaintiff's discrimination claim is the same under the federal and state statutes." (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)).
[57] Rec. Doc. 11-1, pp. 4–6, 8–11.
[58] *Horton v. ADM*, No. CV 22-668-SDD-SDJ, 2023 WL 5663226, at *5, n. 7 (M.D. La. July 21, 2023), *report and recommendation approved sub nom., Horton v. Miranda*, No. CV 22-668-SDD-SDJ, 2023 WL 5663220 (M.D. La. Aug. 31, 2023) (quoting *Lee v. City of Shreveport*, 2022 WL 2161941, at *5 (W.D. La. June 15, 2022)) (also citing *DeJean v. Jefferson Par. Sherriff Off.*, 2023 WL 3434986, at *3 (E.D. La. May 12, 2023) ("To state a claim for retaliation under Title VII, or the LEDL, a plaintiff must plead facts showing: (1) that he engaged in protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."); *Johnson v. Associated Wholesale Grocers, Inc.*, 2019 WL 1572485, at *8 (E.D. La. Apr. 11, 2019); *Martin v. Winn-Dixie Louisiana, Inc.*, 2015 WL 1281943, at *7 (M.D. La. Mar. 20, 2015)).
[59] *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 678 (5th Cir. 2021) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)).

including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."[60]

Harris alleges that he was terminated on November 24, 2021 and, in conclusory fashion, that Defendants retaliated against him for filing a charge of discrimination with the EEOC.[61] And "[u]pon information and belief, Warden Guerin, and the Warden of the Louisiana State Penitentiary (Angola) mentioned that Plaintiff kept changing his story and there was no other alternative, except to terminate him (Plaintiff)."[62]

Defendants argue that Plaintiff failed to allege any facts of his participation in any protected activity or that a causal connection exists between such protected activity and his termination because he did not file an EEOC charge until after he was terminated.[63] The Court agrees. According to the EEOC charge, attached to Defendants' motion, Harris did not file it with the EEOC until April 19, 2022—five months after his termination.[64]

Accepting all of the well plead facts as true, Harris does not allege facts from which an inference could be drawn that his filing of the EEOC charge was the reason for his termination. He has not alleged any facts capable of establishing a casual connection between his filing and any retaliation. To the contrary, according to Plaintiff's own allegations, he was terminated months before he filed a charge with the EEOC regarding his termination.

Accordingly, Harris' retaliation claims are dismissed without prejudice.

---

[60] *Williams v. Recovery Sch. Dist.*, 859 F. Supp. 2d 824, 830–31 (E.D. La. 2012) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)).
[61] Rec. Doc. 1-1, ¶¶ 19–20.
[62] Rec. Doc. 1-1, ¶ 19.
[63] Rec. Doc. 1-1, ¶¶ 4–6.
[64] Rec. Doc. 11-2, p. 13.

### e. Claims Against Individual Defendants and for Intentional Infliction of Emotion Distress Waived by Plaintiff

Defendants argue that Harris' claims against DPSC employees Taylor, Landry, and Guerin must be dismissed because they were not Harris' employers in accordance with 42 U.S.C. 2000e(b) or for purposes of the state anti-discrimination statute, La. R.S. 23:301, *et seq*. Rather, Defendant DPSC was Harris' employer. Defendants argue that Harris did not allege that Taylor and Landry were his employers or any facts establishing their role as his employers, and, thus, cannot be liable under Section 2000e(b). As to Guerin, Defendants argue that Guerin is an agent of DPSC against whom an action cannot be held alongside DPSC.

Harris' Petition alleges that "[a]t all times pertinent hereto, Plaintiff was an 'employee' of defendant, LDPS&C within the meaning of Louisiana law"[65] and does not allege that Landry, Taylor, or Guerin were his employers.[66] Harris' opposition is similarly silent on this issue and does not respond to Defendants' argument.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal."[67] "By analogy, failure to brief an argument in the district court waives that argument in that court."[68] Thus,

---

[65] Rec. Doc. 1-1, ¶ 3; *see also* Rec. Doc. 1-1, ¶ 5.
[66] Rec. Doc. 1-1.
[67] *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) (citations omitted)); *see also United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver").
[68] *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n.10); *see also Kellam v. Metrocare Servs.*, No. 3:12-CV-352-P, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom.*, *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. CIV. A. H-10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument). *See also Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (finding that, because plaintiff failed to respond to defendant's

Plaintiff has abandoned any Title VII claims he may have made against Landry, Taylor, and Guerin by failing to address them in his Opposition.

Accordingly, Harris' Title VII claims and LEDL claims against Brandy Landry, Ryan Taylor, and Kirk Guerin are dismissed with prejudice as waived.

Similarly, Harris' opposition waived another claim by failing to oppose Defendants' motion. Defendants argue that Harris' allegations cannot support a plausible state law claim for intentional infliction of emotional distress.[69] Harris' opposition does not respond to this challenge or mention this claim. Thus, Plaintiff has abandoned his intentional infliction of emotional distress claim by failing to address them in his opposition.

Accordingly, Harris' intentional infliction of emotional distress claim is dismissed with prejudice as waived.

## III. CONCLUSION

Defendants' Motion to Dismiss[70] is granted, and Harris' state law and federal law discrimination and retaliation claims are dismissed without prejudice. Harris' claims against Ryan Taylor, Brandy Landry, and Kirk Geurin are dismissed with prejudice. Harris' intentional infliction of emotional distress claims are dismissed with prejudice.

Plaintiff shall be given a final opportunity to amend his complaint to cure the deficiencies addressed herein. Plaintiff is granted leave to amend only as to the claims dismissed WITHOUT prejudice. Plaintiff shall file a superseding, comprehensive, amended complaint in accordance with Local Rule 10(a)(5) on or before October 12, 2023.

---

argument on an issue, the Court could conclude that a policy exclusion applied (citing, *inter alia, JMCB*, 336 F. Supp. 3d at 634)).
[69] Rec. Doc. 11-1.
[70] Rec. Doc. 11.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  28th  day of September, 2023.

                                                                                       _____
                                                                               **SHELLY D. DICK**
                                                                               **CHIEF DISTRICT JUDGE**
                                                                               **MIDDLE DISTRICT OF LOUISIANA**